IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 20-24-BU-DLC |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| SHAWN JAMES MILLER, | |
| Defendant/Movant. | |

Federal pro se prisoner Shawn James Miller ("Miller") filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 152.) While Miller appears to have signed the document, it was prepared by Terra M. Ward, Miller's "Power of Attorney." (*Id*. at 13.) Miller generally challenges the nature and result of the disciplinary proceedings that occurred earlier this year. (*Id*. at 4-5, 7.)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). Because this Court lacks jurisdiction, the matter will be dismissed.

1

On February 18, 2021, Miller pled guilty to Possession with Intent to Distribute, 21 U.S.C. § 841(a)(1), and being a Prohibited Person in Possession of a Firearm, 18 U.S.C. § 922(g). (Doc. 62.) Miller was subsequently sentenced to the Bureau of Prisons for 60 months on each count, with the sentences to run concurrently, to be followed by 5 years of supervised release. *See*, Judg. (Doc. 106.)

Miller has repeatedly sought post-judgment relief from this Court, specifically requesting that his custodial sentence be shortened. *See e.g.*, Motion for Compassionate Release (Doc. 136), Motion for Emergency Furlough (Doc. 147), Motion for Home Confinement/Early Release (Doc. 146), and Motion for Compassionate Release. (Doc. 149.) Miller has not been granted the relief sought. Miller's projected release date is presently June 9, 2025. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed May 12, 2025.) Miller has also filed a habeas petition pursuant to 28 U.S.C. § 2241, challenging the same disciplinary proceedings at issue in this matter. *See, In re Miller*, Cause No. CV-25-36-GF-DWM, Pet. (filed April 29, 2025).

"Federal courts are always 'under an independent obligation to examine their own jurisdiction.' … and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F. 3d 861, 865 (9th Cir. 2000) (*quoting FW/PDS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

2

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id*. at 864.

Here, Miller does not claim that his Court imposed an illegal sentence; rather he seeks relief with respect to his disciplinary proceedings that occurred earlier this year while he was residing at the Great Falls Prerelease Center. *See e.g.*, (Doc. 152-1.) Accordingly, Miller is challenging the manner, location, or condition of the execution of his sentence. *See e.g., Tucker v. Carlson*, 925 F. 2d 330, 332 (9th Cir. 1991)(a prisoner's challenge to the "manner in which his sentence was executed…[is] maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); *Rogers v. United States*, 180 F. 3d 349 (1st Cir. 1999)(Section 2241 petition is appropriate vehicle to challenge correctness of a jail-time credit determination, once administrative remedies have been exhausted). Thus, Miller must challenge to his disciplinary proceedings under § 2241 in the custodial court. Miller is presently incarcerated at the Cascade County Detention Facility in Great Falls. While Miller may proceed in the § 2241 matter he presently has pending, this Court lacks jurisdiction over his § 2255 motion.

//

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. Miller has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253( c)(2). There is no doubt this Court lacks jurisdiction. Accordingly, a certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Miller's § 2255 Motion (Doc. 152) is DISMISSED for lack of jurisdiction.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 12th day of May, 2025.

                                         */s/ Dana L. Christensen*
                                         Dana L. Christensen
                                         United States District Court Judge